THE PEOPLE ex rel. JAMES F. LEE, Plaintiff-Appellant, v. KENROY, INC., et al., Defendants-Appellees.

First District (5th Division)   No. 76-848

Opinion filed November 10, 1977.

Dore & O'Toole, of Chicago, for appellant.

Friedman & Koven and Burke & Weber, both of Chicago (Paul Homer, Thomas T. Burke, and Lawrence M. Templer, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff, James F. Lee, a citizen and taxpayer of the State of Illinois, appeals from an order of the circuit court which granted defendants' motion to dismiss plaintiff's complaint. Two issues are presented for our consideration: whether plaintiff has standing to maintain this action on behalf of the State; and whether the claims stated are such as to properly be the subject of a taxpayer's action. We affirm the order of dismissal of the circuit court.

Plaintiff's complaint filed on December 5, 1975, alleged in substance in count I the existence of a previous condemnation action, case No. 70 L 1917 in the circuit court, for the acquisition of approximately 55 acres of the former Edgewater Golf Club by the Department of Conservation of the State of Illinois in which a judgment order was entered on June 18, 1970, pursuant to agreement of the parties, awarding defendants the sum of $8,000,000 as compensation for the taking of their property. Plaintiff further alleged that the purchase price of $8,000,000 for the acquisition of this property was paid from the tax revenues of the State of Illinois. Plaintiff further set out that on August 1, 1974, a judgment order for approximately $10,300,000 was entered in case No. 72 L 12246, pursuant to an agreement of the defendants and the Public Building

Commission of the city of Chicago; the agreement was based upon an evaluation of approximately 35 acres of property of the former Edgewater Golf Club. It was alleged that defendants received $18,300,000 in compensation for property which they acquired for $7,600,000. Thus, there was an increase of $10,700,000. Plaintiff further charged that the judgments served to unjustly enrich defendants because, prior to their entry, defendants brought about a rezoning of the property from "R-4" to "Planned Development No. 67" by means of unspecified illegal activities, fraud and bribery. Plaintiff sought imposition of a constructive trust in an amount equaling the difference between the value of the property as previously zoned and as rezoned, which sum allegedly measured the amount of unjust enrichment received by defendants. This constructive trust was to be imposed for the benefit of the taxpayers of the State of Illinois.

Plaintiff alleged in count II of the complaint that defendants tortiously misrepresented the validity of the "Planned Development No. 67" zoning classification when they knew it to be void, and prayed for damages in the amount by which the value of property was allegedly increased by the rezoning in the sum of $4,000,000.

Count III alleged that defendants acted to defraud the taxpayers of the State of Illinois of $4,000,000 which was the difference between the fair market value of the property which was the subject matter of case No. 70 L 1917 as zoned "R-4" and as rezoned "Planned Development No. 67" and prayed for punitive damages of $8,000,000. The complaint contained no allegation as to any request or demand having been made upon the Attorney General of the State of Illinois to bring an action against defendants, nor did it allege that such a demand would have been useless.

Defendants moved to dismiss plaintiff's complaint on six grounds, including the ground that "no taxpayer action can lie absent a demand upon and refusal to sue by the proper State agency." On April 5, 1976, the trial court granted defendants' motion to dismiss on the ground that plaintiff lacked standing to bring the action as a taxpayer on behalf of the State.

OPINION

■■ ■ Plaintiff contends that the dismissal of his complaint was improper because he has standing to maintain this action as a taxpayer. Defendants, however, argue that dismissal of plaintiff's complaint was proper because a taxpayer's action cannot be maintained absent a demand upon and refusal to sue by the Attorney General of the State of Illinois. In this regard, we note the rule that motions to dismiss a pleading admit facts well pleaded but not conclusions unsupported by allegations of specific facts upon which such conclusions rest. (*Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516.) In determining the propriety

of the dismissal of a complaint or portions thereof, we are concerned only with the question of law presented by the pleadings. *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.

■■ It is the position of plaintiff that his failure to make a request upon the Attorney General can be justified by application of the principal enunciated by the court in *Paepcke v. Public Building Com.* (1970), 46 Ill. 2d 330, 263 N.E.2d 11. We disagree. Plaintiff's heavy reliance on the *Paepcke* case is misplaced because the sole issue discussed in *Paepcke* was whether a citizen has standing to bring a taxpayer action absent allegations and proof that he will suffer special damage different from that suffered by the public. In *Droste v. Kerner* (1966), 34 Ill. 2d 495, 217 N.E.2d 73, the supreme court had previously held that a taxpayer has no standing in equity to enjoin an alleged misuse of public property unless he alleges and proves that he will suffer special damages different in degree and in kind from that suffered by the public at large. In *Paepcke* the supreme court overruled a portion of the majority opinion in *Droste* holding that no such special damage to the individual is necessary and that members of the public who are beneficiaries of a public trust have the right and standing to enforce that trust. However, the decision did not pass upon the separate question of whether a taxpayer otherwise having standing may bring an action without first making a proper demand upon the responsible officials of the public body which he seeks to represent.

■■ The judicial precedent in Illinois that has established the rule of law that is dispositive of the issue in this proceeding is *People ex rel. City of Chicago v. Schreiber* (1944), 322 Ill. App. 452, 54 N.E.2d 862. In that case, a taxpayer named Wolfberg brought an original action on behalf of the city of Chicago seeking an accounting against a city clerk allegedly withholding city funds and then sought to intervene in a similar action brought by the city. The court set forth the principles controlling the issue of whether Wolfberg had any right to institute the accounting suit or to intervene in a similar action brought by the city:

> "The general rule is that a demand upon the proper public official to bring suit in the name and on behalf of the city is a condition precedent to the maintenance of a taxpayer's suit, unless it is shown that such demand would be useless. No demand was made by Wolfberg before he commenced his suit in the circuit court and neither did he make any proper showing that a demand, if made by him, would have been unavailing. The corporation counsel is the duly authorized attorney for the City of Chicago and the duty is imposed upon him to appear in behalf of the city in all of its legal matters. (Par. 176, ch. 24, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 21.265].) In *Wagner v. Wallingford*, 257 Ky. 477, which involved a suit by a taxpayer to recover money retained by the defendant

therein in excess of his salary, the court said at p. 478: 'Obviously, the primary right to recover the sums sued for in this action rests in the municipality. . . . Before a taxpayer may maintain an action to recover funds due a municipality, he must request the appropriate officers of the municipality to act. Until it is made to appear that the public officers charged with the duty to act have refused to do so, there is no occasion for intervention of a citizen and taxpayer for the protection of himself and other similarly situated.' " 322 Ill. App. 452, 483.

■■ The rule that no taxpayer action may lie absent a demand upon and refusal to sue by the proper State agency is also stated in 74 Am. Jur. 2d *Taxpayers' Actions* §31, at 238 (1974):

"It is the general rule that in the absence of a controlling statute, a demand upon the proper public officers to bring suit in the name of the taxing unit is a condition precedent to the maintenance of a taxpayer's action, inasmuch as the right of action belongs primarily to such taxing unit and its legal officers have the duty and authority to appear in its behalf to bring suit to enforce such right, whereas a taxpayer's right to bring an action belonging to such taxing unit is merely derivative in nature."

Applying this rule to the instant case, we believe the court below correctly granted defendants' motion to dismiss. See Annot., 124 A.L.R. 585 (1940).

■■ We are aware of *Fuchs v. Bidwill* (1976), 65 Ill. 2d 503, 359 N.E.2d 158. In *Fuchs* a suit was brought against members and leaders of the Illinois General Assembly during the 72nd and 73rd sessions for allegedly being permitted to purchase racetrack stock at a deflated price and thus being permitted to make large profits upon sale. This advantageous purchase was allegedly in payment for influencing favorable legislation affecting the operations and profitability of thoroughbred and harness racing in Illinois. The supreme court decided that despite the fact that plaintiff had made written demand upon the Attorney General to bring suit, and he had refused to act, plaintiff lacked standing to sue due to the nature of the relief requested. The majority of the supreme court felt that "the public interest will not be served in permitting persons, without limitation, to institute actions of this nature against public officials when the Attorney General has declined to act." (65 Ill. 2d 503, 510.) In the case before us, the Attorney General's inaction in not bringing suit cannot excuse plaintiff's failure to have made a proper demand prior to instituting this action. Plaintiff's standing to sue must be determined from the allegations of his complaint and as of the date when this action commenced. Plaintiff could not know what the Attorney General would have done if the facts had been laid before him and demand made at that

time. His previous failure to act does not raise a presumption that he would not do so if proper demand was made. *Reiter v. Wallgren* (1947), 28 Wash.2d 872, 184 P.2d 571; reasserted in *Munoz v. Commissioner of Public Lands* (1955), 40 Haw. 675.

Because we have concluded that plaintiff is without standing to maintain this action as taxpayer absent a demand upon and refusal to sue by the Attorney General of the State of Illinois, it is unnecessary for us to consider whether the claims sought to be stated by plaintiff in his complaint are properly the subject of a taxpayer's action.

For the foregoing reasons, the order of the circuit court of Cook County granting defendants' motion to dismiss is affirmed.

Order affirmed.

O'CONNOR,* and MEJDA, JJ., concur.

* A conflict came to the attention of Justice Sullivan after the oral argument and he recused himself. Justice O'Connor substituted and read the briefs and listened to tapes of the oral argument.