# Illinois Official Reports

## Appellate Court

*Lee v. Fosdick*, 2014 IL App (4th) 130939

| | |
|---|---|
| Appellate Court Caption | JUNE A. LEE, Petitioner-Appellant, v. URIAH N. FOSDICK, Respondent-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-13-0939 |
| Filed | March 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a custody dispute between a young girl's father and her maternal grandmother after the girl's mother died and both the father and grandmother sought custody, and then the trial court, after awarding custody to the father and ultimately dismissing the count of the grandmother's amended pleading seeking custody, made a finding under Supreme Court Rule 304(a) allowing an immediate appeal and certified a question under Rule 308(a) as to whether the grandmother had to reestablish her standing in order to modify the trial court's custody order where the trial court had previously found she had standing when it granted her temporary custody following the mother's death and then granted her substantial visitation when it awarded the father permanent custody, the appellate court answered the certified question in the negative and the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Vermilion County, No. 07-F-112; the Hon. Michael D. Clary, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal     Kristen H. Fischer and Emelia J. Hanson, both of Fischer & Wozniak, P.C., of Urbana, for appellant.

No brief filed for appellee.

Panel     PRESIDING JUSTICE APPLETON delivered the judgment of the court, with opinion.
Justices Knecht and Harris concurred in the judgment and opinion.

## OPINION

¶ 1     Petitioner, June Lee, is the maternal grandmother of S.L., born on October 27, 2004. Respondent, Uriah N. Fosdick, is S.L.'s father. S.L.'s mother, Miranda Richards, is deceased.

¶ 2     After Richards died, Lee filed a petition seeking custody and guardianship of S.L. She thereafter amended her petition. We construe her amended petition as a motion for modification of custody, since, between the time she filed her original petition and the time she filed her amended petition, the trial court awarded custody to Fosdick. See 750 ILCS 5/610 (West 2012).

¶ 3     Fosdick moved to dismiss the amended petition on the ground that Lee lacked standing. It is unclear whether his motion was pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)) or section 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2012)), but in any event our standard of review is *de novo* (*Water Tower Realty Co. v. Fordham 25 E. Superior, L.L.C.*, 404 Ill. App. 3d 658, 662 (2010); *In re Custody of M.C.C.*, 383 Ill. App. 3d 913, 918 (2008)).

¶ 4     The trial court granted Fosdick's motion for dismissal as to count I of Lee's amended petition, the count in which she sought custody of S.L. (in the other count, she sought guardianship). While dismissing count I, the court did two additional things. First, the court made a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). Second, the court certified the following question for interlocutory review pursuant to Illinois Supreme Court Rule 308(a) (eff. Feb. 26, 2010): "As a matter of law, is the Petitioner [(Lee)] required to re-establish standing in order to modify a custody order where the Court previously found she had standing, ordered temporary custody to her, and granted substantial visitation when permanent custody was awarded to the child's father?"

¶ 5     Lee appeals under Rule 304(a). Also, we granted her leave to appeal under Rule 308(a). As we will explain, the correct answer to the certified question is no. Therefore, we reverse the trial court's judgment, and we remand this case for further proceedings.

¶ 6         **I. BACKGROUND**

¶ 7     Originally, Richards had custody of S.L., but Richards died on August 2, 2008, whereupon Fosdick and Lee cross-petitioned for custody. In her petition, Lee alleged that S.L. had been in

Richards's sole custody since S.L. was born and that, during the four years since her birth, S.L. "had no known contact with [Fosdick]."

¶ 8 On May 3, 2010, the trial court awarded Lee temporary custody of S.L. Later, however, on October 26, 2010, the court awarded permanent custody to Fosdick and visitation rights to Lee.

¶ 9 On April 24, 2013, Lee filed an amended petition for custody and guardianship. In her amended petition, she alleged that, as of the date of filing, Fosdick was in jail, awaiting resolution of various criminal charges against him.

¶ 10 On May 9, 2013, Lee filed a petition for injunctive relief. She alleged therein that Fosdick had been released on probation and that the probation order gave court services the discretion to transfer his probation to Indiana. Lee further alleged that S.L. had told her that Fosdick intended to move. Lee sought an injunction forbidding Fosdick to remove S.L. from Illinois, considering that the trial court had granted extensive visitation rights to Lee.

¶ 11 Fosdick filed a motion to dismiss Lee's amended petition for custody and guardianship as well as a motion to dismiss her petition for injunctive relief. His argument in both motions was that she lacked standing.

¶ 12 On October 9, 2013, the trial court dismissed count I of the amended petition for custody, holding that Lee lacked standing, as Fosdick had argued. The court also made a finding pursuant to Rule 304(a).

¶ 13 At the same time, pursuant to Rule 308(a), the trial court certified a question for interlocutory review. Again, that question is as follows: "As a matter of law, is the Petitioner [(Lee)] required to re-establish standing in order to modify a custody order where the Court previously found she had standing, ordered temporary custody to her, and granted substantial visitation when permanent custody was awarded to the child's father?"

¶ 14                                  II. ANALYSIS

¶ 15 The answer to the certified question is no.

¶ 16 Standing is determined from the allegations of the complaint (*Illinois Ass'n of Realtors v. Stermer*, 2014 IL App (4th) 130079, ¶ 26; *Barber v. City of Springfield*, 406 Ill. App. 3d 1099, 1101 (2011); *Martini v. Netsch*, 272 Ill. App. 3d 693, 695 (1995)), at the beginning of the lawsuit (*23-25 Building Partnership v. Testa Produce, Inc.*, 381 Ill. App. 3d 751, 755 (2008); *CSM Insurance Building, Ltd. v. Ansvar America Insurance Co.*, 272 Ill. App. 3d 319, 323 (1995); *People ex rel. Lee v. Kenroy, Inc.*, 54 Ill. App. 3d 688, 692 (1977)). A "petition" is equivalent to a complaint. Black's Law Dictionary 1182 (8th ed. 2004). Lee began her action for custody on August 18, 2008, when she filed her original petition for custody. (Because the modification of a custody order is sought in a "motion," a modification proceeding is a continuation of a lawsuit rather than the initiation of a new lawsuit. 750 ILCS 5/610(a), (a-5) (West 2012).) In her petition, Lee alleged that S.L. had been in Richards's sole custody since the date of S.L.'s birth, October 27, 2004; that Richards died on August 2, 2008; and that from the time S.L. was born to the time of Richards's death, S.L. "had no known contact with [Fosdick]." Lee, a nonparent, had standing to seek custody of S.L. if S.L. "[was] not in the physical custody of one of [her] parents." 750 ILCS 5/601(b)(2) (West 2012). According to the allegations in Lee's petition of August 18, 2008, S.L. was not in the custody of either of her parents because one parent was dead and the other parent was uninvolved. A noncustodial parent is not automatically vested with custody upon the death of the custodial parent (*In re*

*Marriage of Brownfield*, 283 Ill. App. 3d 728, 733 (1996)), especially if the noncustodial parent has failed to maintain active and ongoing contact with the child (*id.* at 735).

¶ 17 Fosdick has not filed an appellee's brief, but he might argue that, immediately after Richards's death, he began showing interest in S.L. and even won permanent custody of her. He also might argue that, having been released on probation, he now has resumed his physical custody of S.L.

¶ 18 It does not matter. Whether Lee has standing depends on her status on the date she initiated her action for custody by filing her original petition. See *23-25 Building Partnership*, 381 Ill. App. 3d at 755; *Brownfield*, 283 Ill. App. 3d at 739; *CSM Insurance*, 272 Ill. App. 3d at 323; *Village of Kildeer v. Village of Lake Zurich*, 167 Ill. App. 3d 783, 786 (1988); *Kenroy, Inc.*, 54 Ill. App. 3d at 692. On August 18, 2008, when Lee entered this lawsuit by filing her petition for custody, the surviving parent, Fosdick, did not have physical custody of S.L., according to the allegations of the petition. See *Stermer*, 2014 IL App (4th) 130079, ¶ 26 ("The issue of [the] plaintiff's standing is determined from the allegations contained in the complaint."). To paraphrase *Brownfield*, "[Fosdick's] actions since that date are irrelevant to the issue of [Lee's] standing." See *Brownfield*, 283 Ill. App. 3d at 739.

¶ 19                                    III. CONCLUSION

¶ 20 For the foregoing reasons, we reverse the trial court's judgment and remand this case for further proceedings.

¶ 21 Reversed and remanded.