**2024 IL 129751**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 129751)

AARON M. DAVIS *et al.*, Appellees, v. JEFFREY YENCHKO, in his
Official Capacity as Chief of the Firearms Services Bureau
of the Illinois State Police, Appellant.


*Opinion filed September 19, 2024.*



JUSTICE O'BRIEN delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Holder White, Cunningham, and Rochford concurred in the judgment and opinion.



## OPINION

¶ 1     In ruling on cross-motions for summary judgment, the circuit court of Madison County declared that section 8(n) of the Firearm Owners Identification (FOID) Card Act (FOID Card Act) (430 ILCS 65/8(n) (West 2016)) was unconstitutional "as applied to persons charged with a felony but not yet convicted of a felony" and enjoined the suspension of FOID cards as to those persons. Because the circuit

court's judgment invalidated a state statute, the appeal was taken directly to this court. For the reasons that follow, we find that plaintiffs lacked standing when they filed the action, so we vacate the circuit court's judgment and remand with directions to dismiss the action.

¶ 2                                   BACKGROUND

¶ 3        Plaintiffs, Aaron and Charles Davis, were charged on July 5, 2016, with felony reckless discharge of a firearm (720 ILCS 5/24-1.5(a) (West 2016)). A few days after plaintiffs were charged, the Illinois State Police revoked plaintiffs' Firearm Owners Identification (FOID) cards pursuant to section 8(n) of the FOID Card Act, which authorizes the revocation of the FOID card of any individual who is "prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law." 430 ILCS 65/8(n) (West 2016).

¶ 4        On November 7, 2016, plaintiffs pleaded guilty to reduced charges of misdemeanor reckless conduct. Both plaintiffs then filed requests for FOID appeals, seeking the return of their FOID cards on the basis that they were no longer subject to felony charges. FOID cards were reissued to Charles and Aaron Davis on May 3 and August 14, 2017, respectively.

¶ 5        Thereafter, on October 11, 2017, plaintiffs filed suit against defendant, Jessica Trame, in her official capacity as chief of the Firearms Services Bureau of the Illinois State Police.[1] A first amended complaint was filed on February 19, 2021. The first amended complaint alleges that the action is brought pursuant to section 1983 of the federal Civil Rights Act of 1968 (42 U.S.C. § 1983 (2018)). Plaintiffs allege that they were deprived of their constitutionally protected right to keep and bear arms in the home for the purpose of self-defense. Plaintiffs sought a declaration that section 8(n) of the FOID Card Act is unconstitutional as applied to persons who are charged, but not convicted, of a felony and an injunction preventing defendant from suspending FOID cards pursuant to section 8(n) of the FOID Card Act based on a felony charge.

---

[1]On September 29, 2022, the current chief of the Firearms Services Bureau of the Illinois State Police, Jeffrey Yenchko, was substituted as defendant for Trame, who was the former chief.

¶ 6        Defendant filed a combined motion to dismiss plaintiffs' complaint. Defendant sought dismissal pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2020)), arguing that plaintiffs lacked standing and that their claims were moot. Defendant also sought dismissal for failure to state a claim pursuant to section 2-615 of the Code (*id.* § 2-615), arguing that section 8(n) of the FOID Card Act was constitutional as applied to plaintiffs. The combined motion was denied. Defendant then proceeded to answer plaintiffs' first amended complaint.

¶ 7        Plaintiffs filed a motion for default and/or summary judgment and sought a permanent injunction. Plaintiffs alleged that the facts were not in dispute— plaintiffs held FOID cards, had no prior arrests, were charged but not convicted of a felony, and temporarily had their FOID cards revoked. Plaintiffs argued that section 8(n) of the FOID Card Act is unconstitutional under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), as applied to any individual charged with but not convicted of a felony. Defendant filed a cross-motion for summary judgment, arguing that its revocation of plaintiffs' FOID cards was consistent with *Bruen* and was constitutional. Also, defendant reiterated its arguments from its motion to dismiss that the claims were moot and that plaintiffs lacked standing.

¶ 8        The circuit court granted plaintiffs' motion for summary judgment and denied defendant's cross-motion. Relying on *Koshinski v. Trame*, 2017 IL App (5th) 150398, the circuit court found that the case was moot but concluded that it could consider the constitutionality of section 8(n) of the FOID Card Act under the public interest exception to mootness. Based on that discussion, the circuit court held that plaintiffs had standing. The circuit court declared that section 8(n) of the FOID Card Act was unconstitutional as to all persons charged with, but not convicted of, felonies. The circuit court entered a permanent injunction, enjoining defendant from "suspending [FOID] Cards, pursuant to 430 ILCS 65/8(n), [of] persons charged with a felony but not convicted of a felony."

¶ 9        Defendant filed a motion to stay the circuit court's order, and plaintiffs' attorney filed a petition for attorney fees and costs pursuant to section 1988 of the federal Civil Rights Act of 1968 (42 U.S.C. § 1988 (2018)). The circuit court denied defendant's motion to stay but granted plaintiffs' petition for fees and costs. Defendant appealed directly to this court pursuant to Illinois Supreme Court Rule

302(a) (eff. Oct. 4. 2011). The filing of the appeal stayed the order granting fees and costs, pending the outcome of the appeal. In this court, defendant again moved to stay the circuit court's judgment that section 8(n) of the FOID Card Act was unconstitutional. We allowed defendant's motion to stay the judgment pending appeal.

¶ 10                                          ANALYSIS

¶ 11       On appeal, defendant argues that (1) plaintiffs lacked standing to bring their claim for prospective relief because plaintiffs' FOID cards had been restored before they filed suit, (2) plaintiffs' claim was moot and the circuit court erred in applying the public interest exception to mootness, (3) the revocation was constitutional, and (4) the circuit court erred in this as-applied challenge by broadly declaring section 8(n) of the FOID Card Act unconstitutional with respect to all individuals charged with felonies.

¶ 12       We begin by addressing defendant's arguments that challenge the justiciability of this case. Defendant contends that plaintiffs lacked standing to seek prospective relief because plaintiffs already had their FOID cards restored at the time they filed suit. Also, the restoration of plaintiffs' FOID cards rendered their claims moot.

¶ 13       Standing is one component of justiciability; mootness, ripeness, advisory opinions, and political questions are examples of other components of justiciability. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 35. "Under Illinois law, lack of standing is an affirmative defense. A plaintiff need not allege facts establishing that he has standing to proceed. Rather, it is the defendant's burden to plead and prove lack of standing." *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 22 (2004) (citing *Chicago Teachers Union, Local 1 v. Board of Education of Chicago*, 189 Ill. 2d 200, 206 (2000)). Standing is determined from the allegations in the complaint, as of the date the lawsuit is filed. *Lee v. Fosdick*, 2014 IL App (4th) 130939, ¶ 16.

¶ 14    Initially, plaintiffs argue that defendant waived[2] the defense of standing by not raising it in its answer to the first amended complaint. Plaintiffs acknowledge that defendant challenged standing in a motion to dismiss but, after that motion was denied, defendant did not plead lack of standing in its answer to the first amended complaint. Plaintiffs also acknowledge that defendant argued lack of standing in the summary judgment proceedings that resulted in the judgment from which defendant appealed. In response, defendant contends that there was no waiver; defendant was not required to raise standing in its answer, because its motion to dismiss on that basis had already been denied. In addition, lack of standing was appropriately raised in the summary judgment proceedings and in defendant's appeal to this court.

¶ 15    Our precedent makes clear that lack of standing qualifies as an "affirmative matter" within the meaning of section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2020)) and may properly be challenged through a motion to dismiss under that provision. *In re Estate of Schlenker*, 209 Ill. 2d 456, 461 (2004) (citing *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999)). We find that defendant, by raising the affirmative defense of standing in its motion to dismiss, preserved the standing defense. Section 2-619(d) of the Code (735 ILCS 5/2-619(d) (West 2020)) does not preclude a defendant from challenging standing in a motion and then a subsequent answer, but it does not contain language requiring a defendant to do both. Defendant again challenged plaintiffs' standing in the summary judgment proceedings, preserving the standing defense for our review of the circuit court's grant of summary judgment to plaintiffs. See *Ovnik v. Podolskey*, 2017 IL App (1st) 162987, ¶ 21 (the denial of a Code section 2-619 motion merges into the final judgment from which the appeal was taken).

¶ 16    Having concluded that defendant properly raised the issue of plaintiffs' standing, we turn to the substance of defendant's challenge. Standing is a question of law that we review *de novo*. *Sierra Club v. Illinois Pollution Control Board*, 2011 IL 110882, ¶ 8. In addition, *de novo* review is the appropriate standard for

---

[2] Although plaintiffs frame their argument in terms of waiver, the argument is properly considered in terms of forfeiture. See *People v. Sophanavong*, 2020 IL 124337, ¶ 20 (Waiver " 'is an intentional relinquishment or abandonment of a known right or privilege,' " while forfeiture is " 'the failure to make the timely assertion of [a] right.' " (quoting *People v. Lesley*, 2018 IL 122100, ¶ 36)).

rulings on summary judgment and on the constitutionality of a statute. *Bartlow v. Costigan*, 2014 IL 115152, ¶ 17.

¶ 17 "The purpose of the doctrine of standing is to ensure that courts are deciding actual, specific controversies, and not abstract questions or moot issues." *In re Marriage of Rodriguez*, 131 Ill. 2d 273, 279-80 (1989). "In deciding whether a party has standing, a court must look at the party to see if he or she will be benefitted by the relief granted." *Id.* at 280. In Illinois, "[s]tanding requires some injury in fact to a legally recognized interest." *Glazewski v. Coronet Insurance Co.*, 108 Ill. 2d 243, 254 (1985). That injury may be " 'actual or threatened,' [citation]" but it "must be: (1) 'distinct and palpable' [citation]; (2) 'fairly traceable' to the defendant's actions [citation]; and (3) substantially likely to be prevented or redressed by the grant of the requested relief [citation]." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492-93 (1988).

¶ 18 "Moreover, in the context of an action for declaratory relief, there must be an actual controversy between adverse parties, and the party requesting the declaration must possess some personal claim, status or right that is capable of being affected by the grant of such relief." *Glisson*, 188 Ill. 2d at 221. An " 'actual controversy' " is a " ' "concrete dispute ***, the resolution of which will aid in the termination of the controversy or some part thereof." ' " *Cahokia Unit School District No. 187*, 2021 IL 126212, ¶ 36 (quoting *The Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 26, quoting *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375 (1977)).

¶ 19 Our determination regarding plaintiffs' standing is necessarily fact-specific, so we begin by examining the facts and the procedural posture of the case before us. See *In re M.I.*, 2013 IL 113776, ¶ 32 (standing is determined on a case-by-case basis). Plaintiffs' FOID cards were revoked by defendant pursuant to section 8(n) of the FOID Card Act, which authorizes the revocation of the FOID card of any individual who is "prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law." 430 ILCS 65/8(n) (West 2016). The federal law relied upon, section 922(n) of the federal firearms chapter of Title 18 ("Crimes and Criminal Procedure"), makes it

"unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or

foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(n) (2018).

¶ 20    After plaintiffs pleaded guilty to reduced charges of misdemeanor reckless conduct, plaintiffs filed FOID card appeals, and each had his FOID card reissued. At that point, after plaintiffs were again in possession of their FOID cards, plaintiffs filed the instant suit challenging the constitutionality of section 8(n) of the FOID Card Act. Plaintiffs do not seek monetary damages for the time that they were without FOID cards; rather, they seek only prospective relief in the form of a declaratory judgment and injunctive relief.

¶ 21    Plaintiffs claim that they sustained a direct injury as a result of the enforcement of section 8(n) of the FOID Card Act. Specifically, plaintiffs claim that, because they surrendered their firearms and ammunition to a third party during the time that their FOID cards were suspended, they were deprived of their right to bear arms, and their firearms and ammunition, for almost a year. Applying the standing elements laid out in *Greer*, plaintiffs suffered an injury that was "distinct and palpable" and "fairly traceable to the defendant's actions." However, plaintiffs do not seek damages for that temporary deprivation but rather seek prospective relief in the form of a declaration that section 8(n) of the FOID Card Act is unconstitutional as to them and an injunction against its enforcement as to them.[3] Such relief is not likely to prevent or redress the past temporary deprivation. See, *e.g.*, *Beyer v. Board of Education of Chicago*, 2019 IL App (1st) 191152, ¶ 49 (parents lacked standing to seek declaration that second presuspension hearing of principal was unlawful because that outcome would not redress parents' alleged injury); *Schacht v. Brown*, 2015 IL App (1st) 133035, ¶ 23 (injunctive relief would only have prospective application and would not redress plaintiffs' alleged

---

[3]Plaintiffs repeatedly argue that their challenge is an as-applied challenge to section 8(n) of the FOID Card Act. This is appropriate, as plaintiffs acknowledge that there are circumstances where section 8(n) of the FOID Card Act can be constitutionally applied. See *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 306 (2008) ("an enactment is facially invalid only if no set of circumstances exists under which it would be valid"). In making an as-applied challenge, a plaintiff "challenges how a statute was applied in the particular context in which the plaintiff acted or proposed to act." *In re M.A.*, 2015 IL 118049, ¶ 40. "If a plaintiff prevails in an 'as applied' challenge, enforcement of the statute is enjoined only against the plaintiff ***." *Id.* Thus, we limit our review to the application of section 8(n) of the FOID Card Act to plaintiffs.

injuries). After plaintiffs' FOID cards were reissued, plaintiffs no longer had a personal claim, status, or right that would be affected by such relief. The circuit court's declaration that the statute is unconstitutional as applied to persons charged with a felony and enjoining defendant from suspending those FOID cards will have no impact on plaintiffs.

¶ 22   We find persuasive the analysis and holding of this court in *In re Estate of Burgeson*, 125 Ill. 2d 477 (1988). In *Burgeson*, the public guardian filed a petition to reopen a probate estate. *Id.* at 479. We agreed with the lower courts that the guardian lacked standing because he no longer had a " 'legally recognizable interest' " at the time the petition was filed. *Id.* at 487-88. We recognized that the guardian had such an interest, in his capacity as guardian, until the decedent died and the guardian was discharged. *Id.* at 487. Even then, the guardian continued to have an economic interest in the estate, until the office of the public guardian was paid. *Id.* However, the guardian did not file his petition to reopen until after he was discharged as guardian, after the public guardian's office was paid, and after the estate was closed. *Id.* at 488. Similarly in the instant case, plaintiffs had a legally recognizable interest during the time their FOID cards were revoked. But plaintiffs did not file suit until after their FOID cards had been reissued. At that time, plaintiffs were no longer deprived of their constitutional right to bear arms and no longer had a legally recognizable interest sufficient to achieve standing.

¶ 23   In coming to this conclusion, we hold that the procedural posture of this case, particularly the fact that plaintiffs were no longer subject to section 8(n) of the FOID Card Act at the time they filed suit and only sought prospective relief, distinguishes it from cases where plaintiffs seek redress for past injuries. See, *e.g.*, *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶ 33 (violation of the Biometric Information Privacy Act (740 ILCS 14/1 *et seq.* (West 2016)) constitutes an invasion of a person's statutory right of privacy in biometric identifiers, giving that person standing to recover for violations). It also distinguishes the instant case from cases where plaintiffs suffer an injury and request prospective relief that would redress that specific injury. See, *e.g.*, *Greer*, 122 Ill. 2d at 493 (homeowners had standing to challenge public funding of proposed development because alleged diminution in property values was a " 'distinct and palpable' " injury, " 'fairly traceable' " to the approval of the development, and redressable by declaratory and injunctive relief); *Messenger v.*

*Edgar*, 157 Ill. 2d 162, 172 (1993) (wife had standing to bring action for declaratory judgment challenging a dissolution statute that effected a stay restraining the wife from disposing of any of her property; her injury could be redressed by a grant of the relief requested).

¶ 24    Even still, plaintiffs contend that prospective relief is appropriate and they could be affected by such relief, because plaintiffs could again be charged with a felony and again have their FOID cards revoked. Plaintiffs argue that declaratory and injunctive relief would redress that potential future injury. We reject this argument, as it is purely speculative. In this as-applied case for declaratory and injunctive relief, we cannot effect any relief, unless plaintiffs commit a future act that can be, and is, charged as a felony. That risk of future harm does not suffice to confer standing upon plaintiffs. See *Chicago Teachers Union*, 189 Ill. 2d at 208 (future loss of physical education teacher positions was purely speculative, such that physical education teacher plaintiffs lacked standing to seek declaratory or injunctive relief to challenge education statute that allowed waiver of physical education mandate); see also *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (under similar federal standing analysis, plaintiff lacked standing to seek injunction barring use of future chokeholds, even though he had been subject to one in the past, because allegations that it would happen again were speculative).

¶ 25    Finally, in the interest of clarity, we note the legal distinction between the doctrines of standing and mootness. Here, the circuit court found that the public interest exception to mootness applied, which the court then incorrectly relied upon to find plaintiffs had standing. As noted above, standing is measured at the time the action is filed. *Lee*, 2014 IL App (4th) 130939, ¶ 16. Mootness, on the other hand, generally arises on appeal when "the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party." *In re Andrea F.*, 208 Ill. 2d 148, 156 (2003). While standing and mootness are both issues of justiciability, this court has never authorized the application of the public interest exception to standing. See, *e.g.*, *In re Linda B.*, 2017 IL 119392, ¶ 20 (applying the public interest exception to mootness); *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 12 (same); *In re Lance H.*, 2014 IL 114899, ¶ 14 (same); *Wisnasky-Bettorf v. Pierce*, 2012 IL 111253, ¶ 12 (same); see also *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 268 (2010) (Karmeier, J., concurring

in part and dissenting in part, joined by Garman, J.) ("this court has never extended the [public interest exception] to cases where the problem with justiciability pertains to standing or ripeness"). Lack of standing, not mootness, is the operative justiciable element in the instant case.

¶ 26                                    CONCLUSION

¶ 27        For the foregoing reasons, we vacate the circuit court's judgment holding that section 8(n) of the FOID Card Act is unconstitutional "as applied to persons charged with a felony but not yet convicted of a felony" and enjoining the suspension of FOID cards as to those persons. In entering this disposition, we express no opinion on the merits of the parties' other arguments. As we are vacating the circuit court's judgment in favor of plaintiffs, they are no longer the prevailing parties, so we also vacate the circuit court's order granting plaintiffs' petition to recover costs and fees. The cause is remanded to the circuit court with directions to dismiss plaintiffs' first amended complaint. See *Wexler*, 211 Ill. 2d at 22 ("Where a plaintiff has no standing, the proceedings must be dismissed. That is so because lack of standing negates a plaintiff's cause of action.").

¶ 28        Circuit court judgment vacated.

¶ 29        Cause remanded with directions.