NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240225-U

NO. 4-24-0225

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 15, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| GAVIN P. JONES, | ) | Nos. 20CF528 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Andrew J. Doyle, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted the Office of the State Appellate Defender's motion to withdraw as defendant's appellate counsel and affirmed the trial court's judgment.

¶ 2    Defendant, Gavin P. Jones, was found guilty by a Knox County jury of unlawful possession of 5 or more grams but less than 15 grams methamphetamine (720 ILCS 646/60(a), (b)(2) (West 2020)) and unlawful possession with intent to deliver the same quantity of methamphetamine (*id.* § 55(a)(1), (a)(2)(B)). These charges were identical, except the unlawful possession with intent to deliver charge contained the allegation defendant possessed the methamphetamine "with the intent to deliver." He was also convicted of driving while his license was suspended (625 ILCS5/6-303 (West 2020)). *People v. Jones*, 2023 IL App (3d) 210351-U, ¶ 29.

¶ 3    In defendant's original appeal, the Appellate Court, Third District, held he received

ineffective assistance of counsel as to his conviction of possession of methamphetamine with intent to deliver. *Jones*, 2023 IL App (3d) 210351-U, ¶ 29. The Third District remanded the cause for a possible new trial on that charge but affirmed the other convictions. *Id.* On remand, the State declined to retry defendant, and he and the State reached an agreement under which he received a sentence of three years' imprisonment for simple possession of methamphetamine. He again appealed.

¶ 4     The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. OSAD has now moved to withdraw as counsel, arguing any issue it could raise would be frivolous. We denied OSAD's original motion to withdraw without prejudice, and OSAD has filed an amended motion. Defendant has not responded. Because every issue is either inconsistent with the prior remand or is moot, we grant OSAD's motion and affirm the trial court's judgment.

¶ 5                    I. BACKGROUND

¶ 6     Defendant had a jury trial on the two methamphetamine possession charges described above and a traffic offense (625 ILCS 5/6-303 (West 2020)). The State's evidence showed that only one instance of possession occurred. The most damaging evidence relating to defendant's *intent* to distribute methamphetamine came from a recorded interview with Timothy Spitzer, a detective with the Galesburg Police Department. Initially, Spitzer authenticated an excerpt of a video of the interview. According to a description of the recording's contents in the order deciding defendant's original appeal, "[t]he video depicted defendant receiving his *Miranda* rights [(see *Miranda v. Arizona*, 384 U.S. 436 (1966))] and his admission to throwing 'the dope' out of the car window." *Jones*, 2023 IL App (3d) 210351-U, ¶ 7. However, defense counsel, in cross-examining Spitzer, raised questions relating to what defendant had said during the rest of the

interview and on the day of his arrest. *Id.* ¶ 8. At a sidebar, the State argued defense counsel's

questions left it with no choice but to seek leave to have the jury watch the recording of the entire

interview. *Id.* ¶ 9. Defense counsel argued the State should be bound by its decision to use only a

portion of the recording. *Id.* The trial court allowed the State to introduce the whole recording, and

the State determined it would do so. *Id.* ¶¶ 10-11. According to the decision in *Jones*, the recording

included statements by defendant that he had become involved with drug cartels to make money.

*Id.* ¶ 13. However, he owed the people with whom he had been dealing $10,000 and was afraid for

his family. *Id.* He admitted to using more than one person to deliver the drugs he sold, but he said

he purchased drugs from a single source. *Id.*

¶ 7        The State rested after the jury saw the full tape, and defendant declined to present

any evidence. *Id.* ¶¶ 14-15. The jury found defendant guilty on all counts. *Id.* ¶ 15. Defendant filed

a motion for a mistrial, arguing, among other things, the trial court erred in allowing the State to

show the full recording of the interview. *Id.* ¶ 16. The court denied the motion. *Id.*

¶ 8        At defendant's sentencing, the trial court ruled the drug-related counts merged and

sentenced defendant to six and a half years' imprisonment for possession with intent to deliver. *Id.*

¶ 9        Defendant appealed to the Third District. He raised a single claim of error: "he was

provided ineffective assistance of counsel where defense counsel, on cross-examination, initiated

a line of questioning that opened the door for the entirety of defendant's video recorded interview

to be published to the jury." *Id.* ¶ 18. He asserted "the contents of the video bolstered the State's

evidence of [his] intent to deliver methamphetamine, [thus] prejudicing [him]." *Id.*

¶ 10       The Third District agreed and "reverse[d] his conviction for unlawful possession of

methamphetamine with intent to deliver, and remand[ed] for further proceedings, to include a new

trial, if necessary." *Id.* ¶ 29. It further "note[d] that defendant did not challenge his other

convictions," and accordingly, it held "his convictions for unlawful possession of methamphetamine and driving while license suspended are affirmed." *Id.* Finally, it held, "On remand, should the State decline to further prosecute defendant for unlawful possession of methamphetamine with intent to deliver, a new sentencing hearing will be required on the remaining convictions." *Id.*

¶ 11 On remand, the State declined to retry defendant. On January 10, 2024, the State and defendant told the trial court they had an agreement regarding defendant's sentence. Defendant would receive a sentence of three years' imprisonment, the Class 2 minimum. The parties reached an agreement on sentencing credits. They also agreed defendant's sentence would be concurrent to his sentences in two other Knox County cases. The court advised defendant the statutory range for sentences of imprisonment for a Class 2 felony was three to seven years, but it did not discuss the availability of probation. The court, after confirming defendant had no questions regarding the agreement, entered a sentence in accordance with it. Defendant did not file a postsentencing motion.

¶ 12 The sentencing order, dated January 10, 2024, showed defendant received a sentence of three years' imprisonment (to be served at a minimum of 50%) and six months of mandatory supervised release (MSR). The order credited defendant with 477 days in custody. Thus, assuming defendant had not lost good-time credit, he had less than three months left on his sentence of imprisonment.

¶ 13 This appeal followed.

¶ 14 OSAD has been appointed counsel for defendant on appeal. It filed a motion for leave to withdraw as defendant's counsel under the rule in *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967), and accompanied that motion with a

- 4 -

memorandum. We denied OSAD's original motion without prejudice. OSAD filed an amended motion and memorandum on January 3, 2025. We advised defendant he had until February 7, 2025, to file a response, but defendant has not done so. For the reasons that follow, we grant OSAD's motion and affirm the trial court's judgment.

¶ 15                                    II. ANALYSIS

¶ 16        On appeal, OSAD identifies three issues for review: (1) "[w]hether the State proved defendant guilty beyond a reasonable doubt of possession of a controlled substance," (2) "[w]hether the agreed, minimum sentence defendant received constituted an abuse of discretion," and (3) "[w]hether defendant was prejudiced by the trial court's failure to fully admonish him pursuant to Illinois Supreme Court Rule 605(a) [(eff. Dec. 7, 2023)]." We hold any challenge to the conviction is inconsistent with the remand in *Jones*, 2023 IL App (3d) 210351-U, ¶ 29, and is thus barred. We further hold, because defendant has discharged his sentence, any issues relating to his sentence are moot. We thus conclude this appeal presents no opportunity for OSAD to raise a meritorious claim, and we grant OSAD's motion to withdraw and affirm defendant's sentence.

¶ 17        First, OSAD argues: "[A]t the time of defendant's first appeal, he could not have challenged the unlawful possession conviction because no conviction had entered. However, even though he can challenge this conviction now on appeal, any challenge to defendant's possession offense would be frivolous."

¶ 18        We agree defendant cannot challenge his unlawful conviction, but we disagree with OSAD's reasoning. Defendant, in his direct appeal, could have sought an outright reversal by challenging the sufficiency of the evidence for simple possession. Thus, the Third District held: "We note that defendant did not challenge his other convictions. Accordingly, his convictions for

unlawful possession of methamphetamine and driving while license suspended are affirmed." *Id.* With rare exceptions not relevant here, "when a reviewing court issues a mandate, it vests the trial court with jurisdiction to take *only* such action as conforms to that mandate." (Emphasis added.) *People ex rel. Daley v. Scheier*, 92 Ill. 2d 271, 276 (1982). A challenge to defendant's simple possession conviction would conflict with the Third District's affirmance of the conviction and would thus be improper.

¶ 19 Next, OSAD includes a footnote suggesting we may take judicial notice of the Illinois Department of Corrections (DOC) website to hold any challenge to defendant's sentence to be moot. We agree we may take notice of the records and agree any such challenge would be moot. In *People v. Peterson*, 372 Ill. App. 3d 1010, 1019 (2007), we followed prior cases to hold, "[T]his court may take judicial notice of DOC's records because they are public documents." Moreover, we may take judicial notice of materials not present in the record on appeal to determine whether an issue is moot. *Northbrook Bank & Trust Co. v. Abbas*, 2018 IL App (1st) 162972, ¶ 24. OSAD has provided a DOC inmate search record showing, as of February 2, 2024, defendant's projected discharge date was September 7, 2024. This is consistent with the date for defendant's completion of MSR under the sentencing order. A DOC inmate search for defendant now returns no results. See idoc.illinois.gov/offender/inmatesearch.html (search results for "Jones, Gavin," last visited on March 14, 2025). We thus conclude defendant has completed his sentence, including his MSR.

¶ 20 With three exceptions patently inapplicable here (see *In re Alfred H.H.*, 233 Ill. 2d 345, 355-62 (2009)), a reviewing court will not decide moot issues (*In re J.T.*, 221 Ill. 2d 338, 349 (2006)). An issue is moot on appeal when the reviewing court can no longer grant effectual relief to the party seeking it. *Davis v. Yenchko*, 2024 IL 129751, ¶ 25. Because defendant has completed

his sentence, any order relating to his sentence alone cannot offer him effectual relief.

¶ 21        As we held above, defendant cannot challenge his conviction. Thus, he is limited to raising sentencing issues on appeal. However, such sentencing issues are moot. Therefore, all possible issues are barred, and any appeal therefrom would be meritless.

¶ 22                                III. CONCLUSION

¶ 23        For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 24        Affirmed.